IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00131-KDB

| | |
|---|---|
| JOHN M. KURKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) (Doc. No. 5). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court finds that Plaintiff has not plausibly alleged any valid legal claim. Therefore, Defendant's motion will be **GRANTED**.

### I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id*. Construing the facts in this

1

manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II.    FACTS AND PROCEDURAL HISTORY

On approximately October 31, 2008, Plaintiff John M. Kurkowski obtained a loan in the principal amount of $400,000 from Granite Mortgage, Inc. ("Granite"). Complaint, ¶ 6. This agreement was memorialized by a Note that secured Mr. Kurkowski's obligations under the loan and gave Granite a lien on real property referred to in the Note as Tract #2 of the Family Subdivision for John M. Kurkowski ("Note"). *Id.* The real property is more commonly known as 8320 Graham Road, Denver, North Carolina in a Deed of Trust recorded in Book 2075 at Page 665 in the Lincoln County Registry of Deeds (Doc. No. 5-1). On April 20, 2009, Mr. Kurkowski and his wife, Carolyn Kay Kurkowski, filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of North Carolina. In 2012, the Note was assigned to Wells Fargo, and a Corporate Assignment of Deed of Trust was recorded in Book 2314 at Page 459 in the Lincoln County Registry of Deeds (Doc. No. 5-2). On January 29, 2013, the Bankruptcy Court dismissed the Kurkowski's case because their Chapter 13 plan payments were in substantial default.

During the banking relationship, the Plaintiff sought the advice and counsel from the Defendant's local representatives or managers for issues related to refinancing or restructuring of his loan due to anticipated changes in his employment and financial capacity to pay. Complaint, ¶ 12. During these conferences, Plaintiff states an unknown bank employee told him that the bank

could do nothing to help until he was at least three payments behind on his loan. *Id.* Plaintiff asserts he followed the advice believing it to be accurate. *Id.* Plaintiff states he was current with his mortgage payments at the time of this statement; however, he does allege that he anticipated his ability to pay would change. *Id.* Wells Fargo subsequently assigned the Note to Wilmington Savings Fund and Wells Fargo stopped servicing the loan in February 2020 (Doc. No. 5-3).

Plaintiff's complaint alleges several causes of action against Wells Fargo. First, he alleges that Wells Fargo breached a contract by providing false or misleading advice on Plaintiff's refinancing or restructuring options. Complaint, ¶ 7. Second, he asserts that Wells Fargo either committed fraud and/or misrepresentation when discussing the terms of Mr. Kurkowski's debt. *Id.* at ¶¶ 15, 37. Third, he claims that Wells Fargo breached their fiduciary duty to him by offering false or misleading advice regarding possibly refinancing or restructuring his debt to Wells Fargo. *Id.* at ¶ 11-12. Fourth, he alleges that Wells Fargo negligently reported his loan to credit reporting agencies. *Id.* at ¶ 48. And lastly, he claims that Wells Fargo violated the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at ¶ 19(e).

### III. DISCUSSION

Generally, *pro se* litigants are held to a "less stringent standard than trained attorneys; the Court must afford a pro se complaint generous construction." *Sado v. Leland Memorial Hospital*, 933 F.Supp. 490, 493 (1996) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). *Pro se* litigants with "otherwise meritorious claims are not to be defeated by failure to observe technical niceties." *Id.* (citing *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)). Nonetheless, the United States Court of Appeals for the Fourth Circuit has recognized limits on this principle. *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986). A *pro se* plaintiff still must allege facts that state a cause of action. *Id.*

3

Case 5:21-cv-00131-KDB   Document 18   Filed 11/05/21   Page 3 of 9

## I. Fair Debt Collection Practices Act Claim

Plaintiff claims that Wells Fargo engaged in violations of the Fair Debt Collection Practices Act ("FDCPA"). Complaint, ¶ 19(e). To plead a plausible FDCPA claim, a plaintiff must allege facts to show that (i) he has been the object of collection activity arising from a consumer debt, (ii) Wells Fargo is a debt collector as defined by the FDCPA, and (iii) Wells Fargo has engaged in an act or omission prohibited by the FDCPA. *Womack v. Ward*, 2018 WL 3729038 *6 (D. Md. Aug. 6, 2018).

Even assuming, without deciding, that Plaintiff has sufficiently pled the remaining elements of his FDCPA claim, Plaintiff has failed to plead a plausible FDCPA claim because Wells Fargo is not a debt collector as defined by the FDCPA. The act defines debt collector as anyone who "regularly collects or attempts to collect ... debts owed or due ... another." 15 U.S.C. § 1692a(6). Thus, the act explicitly excludes entities that are attempting to collection a debt owed to them. *See Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1721-22 (2017). Plaintiff concedes that he had "originally dealt with Bank of Granite and its affiliates for the construction loan which was converted to a mortgage and thereafter sold or transferred to the Defendant…." Complaint, ¶ 6. Therefore, all actions taken by Wells Fargo were to collect a debt owed to them, not another, which makes Plaintiff's FDCPA claim insufficient as a matter of law and requires this Court to dismiss the FDCPA claim.

## II. Breach of Contract Claim

Plaintiff alleges that Wells Fargo breached a valid and enforceable contract that existed between the parties without lawful excuse. Complaint, ¶ 31-34. The elements of a claim for breach of contract in North Carolina[1] are (1) existence of a valid contract and (2) breach of the terms of

---

[1] The parties agree that North Carolina law applies to Plaintiff's state law claims.

4

the contract. *McLamb v. T.P. Inc.*, 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005). Plaintiff has failed to allege sufficient facts that establish Wells Fargo breached any contract with the Plaintiff.

The only valid and enforceable contract between the parties is the loan agreement. However, the Plaintiff has failed to allege Wells Fargo has violated any provision of that agreement. Instead, Plaintiff alleges that Wells Fargo made promises to him, but he does not allege the substance of those alleged promises or facts that establish those "promises" constitute a contract or that Wells Fargo breached those alleged promises. Complaint, ¶ 7. Plaintiff also claims that Wells Fargo promised to help him avoid foreclosure, but Plaintiff does not allege that any consideration was exchanged for this promise or that Wells Fargo failed to perform this alleged promise. *Id.* at 19(d). Similarly, Plaintiff suggests that Wells Fargo charged him unauthorized fees, but he does not identify any actual unauthorized fee. Complaint, ¶ 19(c). Finally, Plaintiff claims that Wells Fargo failed to return his calls promptly, failed to return his counsel's calls promptly, and engaged in a variety of undefined wrongdoing. *Id.* at ¶ 19. At best, these claims are generalized allegations that Wells Fargo provided inadequate customer service, which are not actionable legal claims. *Pike v. Wells Fargo Bank, N.A.*, 2021 WL 2445893 *5 (E.D.N.C. June 15, 2021). Therefore, Plaintiff's breach of contract claim will be dismissed.

### III. Fraud/Misrepresentation Claim

Plaintiff alleges that Wells Fargo committed fraud and/or misrepresentation because, *inter alia*, an unnamed Wells Fargo employee told him that "the bank could do nothing to help the Plaintiff until he was at least three (3) payments behind on his loan." Complaint at ¶ 12, 35-41. Fraud and negligent misrepresentation share two essential elements "(1) the supplying by the defendant of false information and (2) reliance on the false statement by the plaintiff." *Vernon v. Steven L Mabe Builders*, 110 N.C. App. 552, 557, 430 S.E.2d 676, 679 (1993), *overruled on other*

5

*grounds by* 336 N.C. 425, 444 S.E.2d 191; *see also Harton v. Harton*, 81 N.C. App. 295, 297, 344 S.E.2d 117, 119 (1986) (Fraud is based on "an affirmative misrepresentation of a material fact or a failure to disclose a material fact relating to a transaction which the parties had a duty to disclose"); *Raritan River Steel Co. v. Cherry Bekaert & Holland*, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988) ("The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care"). Additionally, when alleging fraud, there is a heightened standard of pleading. Pursuant to Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." To adequately allege fraud with particularity, a plaintiff must allege the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008). Plaintiff has failed to meet this heightened standard.

Plaintiff does not allege the name of any person who made any misrepresentation, the date on which any misrepresentation was allegedly made, or the substance of an alleged misrepresentation. Plaintiff states that an unnamed Wells Fargo employee told him that "the bank could do nothing to help the Plaintiff until he was at least three (3) payments behind on his loan." *Id*. at ¶ 12. Plaintiff does not allege that statement to be a misrepresentation or false in any way. Instead, Plaintiff generically alleges that Wells Fargo made misrepresentations. *Id*. at ¶¶ 15, 37. Accordingly, even taking into account that he is *pro se*, Plaintiff has not alleged even the most fundamental facts of a fraud claim, including falsity, with the particularity required by Rule 9(b). Therefore, this Court will dismiss his fraud claim.

**IV. Breach of Fiduciary Duty Claim**

Plaintiff alleges that Wells Fargo breached its fiduciary duty through "their acts and omissions." Complaint, ¶ 42-45. To plead a breach of fiduciary duty claim, a plaintiff must allege facts to show that (i) the defendant owed the plaintiff a fiduciary duty of care, (ii) the defendant violated that fiduciary duty of care, and (iii) this breach of duty proximately caused injury to the plaintiff. *Farndale Co., LLC v. Gibellini*, 176 N.C. App. 60, 68, 628 S.E.2d 15, 20 (2006). Under North Carolina law, fiduciary relationships are characterized by "confidence reposed on one side and resulting domination and influence on the other." *Dallaire v. Bank of America, N.A.*, 367 N.C. 363, 760 S.E.2d 263, 266 (2014).

Under North Carolina law, however, ordinary borrower-lender transactions are considered arm's length and do not typically give rise to fiduciary duties. *Sec. Nat'l Bank of Greensboro v. Educators Mut. Life Ins. Co.*, 265 N.C. 86, 95, 143 S.E.2d 270, 276 (1965) ("There was no fiduciary relationship; the relation was that of debtor and creditor."). Therefore, Plaintiff must allege facts that show that something other than the borrower-lender relationship between himself and Wells Fargo created a fiduciary duty. He has failed to do so.

Plaintiff claims that a fiduciary relationship existed between Wells Fargo and himself for two reasons. First, he argues that as part of his loan agreement, he was "required to pay a certain portion of his monthly payment into an escrow account maintained by [Wells Fargo] for the purpose of paying the County property taxes owed on the Plaintiff's property in a timely [fashion]." Complaint, ¶ 11. Second, he claims that Wells Fargo is a fiduciary because he discussed refinancing or restructuring his debt to Wells Fargo with Wells Fargo employees. *Id*. at ¶ 12.

The fact that the loan agreement requires Plaintiff to make payments, a portion of which would be allocated to maintenance of an escrow account, does not create a fiduciary duty. The maintenance of an escrow account to pay taxes is an integral part of a home mortgage loan, which

7

as stated above is an arms-length transaction. Additionally, the escrow account was maintained for the lender's benefit, not Plaintiff's benefit. Wells Fargo can waive the escrow requirement at any time, and Wells Fargo can force the Plaintiff to pay escrowed amounts even if Plaintiff does not want Wells Fargo to do so. *See* Exh. A, § 3, 9. Actions taken by a lender, with the sole purpose of protecting its own interest, are not sufficient to show a borrower reposed in a lender the special confidence required for a fiduciary relationship.

Additionally, no fiduciary relationship arose when Wells Fargo employees discussed refinancing or restructuring Plaintiff's debt with him. Complaint, ¶ 12. The discussion of potential modifications of the loan relationship is a normal part of borrower-lender business activities, which as noted above does not create a fiduciary relationship. *Branch Banking & Trust Co. v. Thompson*, 107 N.C.App. 53, 61, 418 S.E.2d 694, 699 (1992) (The "mere existence of a debtor-creditor relationship between [the parties does] not create a fiduciary relationship."). Therefore, Plaintiff's breach of fiduciary duty claim must be dismissed.

### V. Negligence Claim

Finally, Plaintiff alleges that Wells Fargo was negligent in its reporting of Plaintiff's loan to the credit reporting agencies. Complaint, ¶ 48. The Court need not and does address the substance of this state common law claim because Plaintiff cannot recover for inaccurate credit reporting other than under the federal Fair Credit Reporting Act ("FCRA"), which preempts any state law claim. The FCRA provides that:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply—(i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

15 U.S.C. § 1681t(b)(1)(F). Pursuant to § 1681t(b)(1)(F)'s plain language, the FCRA preempts all state laws that attempt to regulate the provision of inaccurate information to credit reporting agencies or the failure to correct the same. *Scott v. First So. Nat'l Bank*, 936 F.3d 509, 521 (2nd Cir. 2019); *Purcell v. Bank of America,* 659 F.3d 622 (7th Cir. 2011). Since Plaintiff's negligence claim purports to arise from Wells Fargo's inaccurate credit reporting, the Act preempts the claim and consequently the Court must dismiss it.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Wells Fargo's Motion to Dismiss (Doc. No. 5) is **GRANTED;**
2. Plaintiff's claims asserted in the Complaint are dismissed with prejudice; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 5, 2021

Kenneth D. Bell
United States District Judge